# No. 23-7973

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

———————————————

BENJAMIN WOODHOUSE, PRO SE,

*Plaintiff-Appellant*,

*v.*

META PLATFORMS, INC., ALPHABET INC., GIBSON, DUNN &
CRUTCHER LLP, MR. ROB BONTA, ATTORNEY GENERAL,
ACTING IN HIS OFFICIAL CAPACITY, MR. DAVID HARRIS, U.S.
ATTORNEY, ACTING IN HIS OFFICIAL CAPACITY, STANLEY
BLUMENFELD, JUDGE, ACTING IN HIS OFFICIAL CAPACITY,
GARY KLAUSNER, JUDGE, ACTING IN HIS OFFICIAL CAPACITY,
CHRISTINA SNYDER, JUDGE, ACTING IN HIS OFFICIAL
CAPACITY, DEAN PREGERSON, JUDGE, ACTING IN HIS
OFFICIAL CAPACITY, LAWRENCE VAN DYKE, JUDGE, ACTING
IN HIS OFFICIAL CAPACITY, ERIC MILLER, JUDGE, ACTING IN
HIS OFFICIAL CAPACITY, MARK BENNETT, JUDGE, ACTING IN
HIS OFFICIAL CAPACITY, MS. JOANNE OSINOFF, U.S.
ATTORNEY, ACTING IN HIS OFFICIAL CAPACITY, MOLLY
DWYER, 9TH CIRCUIT CLERK, ACTING IN HER OFFICIAL
CAPACITIES, NIKE INC.,

*Defendants-Appellees*.

———————————————

Appeal from the U.S. District Court for the
Southern District of New York
The Honorable Paul A. Engelmayer / No. 1:23-CV-07000

———————————————

## BRIEF FOR DEFENDANTS-APPELLEES META PLATFORMS,
## INC., NIKE, INC., AND GIBSON, DUNN & CRUTCHER LLP

———————————————

*(Counsel listed on inside cover)*

Kristin A. Linsley
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Street, Suite 2600
San Francisco, CA  94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Counsel for Meta Platforms, Inc., Nike, Inc.,
and Gibson, Dunn & Crutcher LLP*

## Rule 26.1 Corporate Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26, Defendants-Appellees Nike, Inc. and Meta Platforms, Inc. hereby file their Corporate Disclosure Statements. Neither Nike nor Meta has any parent corporation, and no publicly held corporation owns 10% or more of their stock. Defendant-Appellee Gibson, Dunn & Crutcher LLP (erroneously named in Plaintiff-Appellant's complaint as Gibson Dunn & Crutcher Inc.) is a limited liability partnership in which no publicly held company has an ownership interest.

Dated: March 22, 2024

*/s Kristin A. Linsley*
Kristin A. Linsley

*Counsel for NIKE, INC., META PLATFORMS, INC., AND GIBSON, DUNN & CRUTCHER LLP*

i

## TABLE OF CONTENTS

**Page**

RULE 26.1 CORPORATE DISCLOSURE STATEMENT ......................... I

INTRODUCTION ................................................................................ 1

STATEMENT OF JURISDICTION .......................................................... 4

COUNTERSTATEMENT OF ISSUES ....................................................... 5

COUNTERSTATEMENT OF THE CASE .................................................. 5

    I.    Prior Proceedings Involving Nike ............................... 7

    II.   Prior Proceedings Against Facebook .................................... 10

    III.  Proceedings Against Google/Alphabet ................................. 14

    IV.  Proceedings Against People's Republic of China .................. 15

    V.   Complaints in the Central District of California
           Naming the United States, Federal Judges, and
           Government Officials ............................................. 16

    VI.  Proceedings in the District of Columbia .............................. 22

    VII. Woodhouse's Complaint in this Case .................................... 24

SUMMARY OF ARGUMENT ................................................................ 29

STANDARD OF REVIEW .................................................................... 31

ARGUMENT .................................................................................... 31

    I.    The District Court Properly Dismissed Woodhouse's
           Claims as Frivolous ............................................. 31

    II.   Woodhouse Waived Any Challenge to the District
           Court's Rulings on Leave to Amend and Pre-Filing
           Conditions and Those Rulings Were Correct in Any
           Event ............................................................... 36

CONCLUSION ........................................................................... 42

CERTIFICATE OF COMPLIANCE ....................................... 44

TABLE OF AUTHORITIES

CASES

*Abdullah v. Gatto*,
773 F.2d 487 (2d Cir. 1985) ............................................................. 3, 39

*Anilao v. Spota*,
27 F.4th 855 (2d Cir. 2022) ........................................................... 3, 36

*Bank v. Alarm.com Holdings, Inc.*,
828 F. App'x 5 (2d Cir. 2020) .............................................................. 37

*Catzin v. Thank You & Good Luck Corp.*,
899 F.3d 77 (2d Cir. 2018) ........................................................... 31, 34

*Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*,
843 F.3d 48 (2d Cir. 2016) .................................................................. 41

*Cohen v. American Airlines, Inc.*,
13 F.4th 240 (2d Cir. 2021) ............................................................... 37

*Denton v. Hernandez*,
504 U.S. 25 (1992) ...................................................................... 30, 31

*Does 1-10 v. Suffolk Cnty., New York*,
2022 WL 2678876 (2d Cir. July 12, 2022) ......................................... 34

*Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*,
282 F.3d 83 (2d Cir. 2002) ............................................................. 3, 37

*Driessen v. Royal Bank of Scotland*,
691 F. App'x 21 (2d Cir. 2017) ............................................................ 38

*Ehart v. Lahaina Divers, Inc.*,
92 F.4th 844 (9th Cir. 2024) ............................................................... 38

*Eliahu v. Jewish Agency for Israel*,
919 F.3d 709 (2d Cir. 2019) ......................................................... 39, 41

*Fitzgerald v. First E. Seventh St. Tenants Corp.*,
221 F.3d 362 (2d Cir. 2000) ......................................................... 31, 32

iv

*Gallop v. Cheney*,
　642 F.3d 364 (2d Cir. 2011) ................................................................ 30

*Gross v. Rell*,
　585 F.3d 72 (2d Cir. 2009) .................................................................. 36

*Jean-Baptiste v. Westside Donut Huntington Ventures LLC*,
　2023 WL 8015698 (2d Cir. Nov. 20, 2023) .................................... 31, 34

*Livingston v. Adirondack Beverage Co.*,
　141 F.3d 434 (2d Cir. 1998) ....................................................... 2, 31, 33

*MacKinnon v. City of New York/Hum. Res. Admin.*,
　580 F. App'x 44 (2d Cir. 2014) ........................................................... 34

*In re Martin-Trigona*,
　737 F.2d 1254 (2d Cir. 1984) ..................................................... 3, 39, 42

*Muka v. Murphy*,
　358 F. App'x 239 (2d Cir. 2009) ........................................................... 2

*Neitzke v. Williams*,
　490 U.S. 319 (1989) ........................................................... 31, 33

*In re Neroni*,
　2014 WL 11462833 (N.D.N.Y. Nov. 26, 2014) ................................... 41

*In re Neroni*,
　639 F. App'x 9 (2d Cir. 2015) .............................................................. 41

*Safir v. U.S. Lines Inc.*,
　792 F.2d 19 (2d Cir. 1986) ............................................................ 39, 41

*Salahuddin v. Cuomo*,
　861 F.2d 40 (2d Cir. 1988) .................................................................. 38

*Sassower v. Abrams*,
　833 F. Supp. 253 (S.D.N.Y. 1993) .................................................. 28, 42

*Snitko v. United States*,
　90 F.4th 1250 (9th Cir. 2024) .............................................................. 38

*Sykes v. Bank of Am.*,
 723 F.3d 399 (2d Cir. 2013) .................................................. 30

*Tracy v. Freshwater*,
 623 F.3d 90 (2d Cir. 2010) ............................................ 26, 33

*Vasile v. Dean Witter Reynolds, Inc.*,
 205 F.3d 1327, 2000 WL 236473 (2d Cir. Feb. 14, 2000) ................... 41

**LITIGATION HISTORY**

*Havensight Capital LLC v. Facebook*,
 2017 WL 1507491 (Cal. Ct. App. Apr. 27, 2017) ................................ 12

*Havensight Capital LLC v. Facebook, Inc.*,
 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018) ...................... 8, 12, 13, 15

*Havensight Capital LLC v. Facebook, Inc.*,
 2016 WL 4445919 (Cal. Super. Jan. 1, 2016) ..................................... 11

*Havensight Capital LLC v. Facebook Inc.*,
 2015 WL 12766168 (C.D. Cal. July 21, 2015) .................................... 11

*Havensight Capital LLC v. Facebook Inc.*,
 2015 WL 3948380 (C.D. Cal. June 29, 2015) ............................... 10, 11

*Havensight Capital LLC v. Facebook, Inc.*,
 2016 WL 4410551 (Cal. Super. June 16, 2016) .................................. 11

*Havensight Capital LLC v. Facebook, Inc.*,
 2018 WL 6356080 (C.D. Cal. Oct. 2, 2018) ......................................... 13

*Havensight Capital LLC v. Facebook, Inc.*,
 776 F. App'x 420 (9th Cir. 2019) ................................................... 13, 14

*Havensight Capital LLC v. Facebook Inc.*,
 No. 2:15-CV-03758 (C.D. Cal.) ......................................................... 11

*Havensight Capital LLC v. Google, Inc.*,
 No. 2:15-CV-05297 (C.D. Cal.) ......................................................... 14

*Havensight Capital LLC v. Nike, Inc.*,
   2014 WL 12613382 (C.D. Cal. Nov. 19, 2014) ......................................7

*Havensight Capital LLC v. Nike, Inc*,
   2015 WL 3544111 (C.D. Cal. Apr. 22, 2015) .......................................9

*Havensight Capital LLC v. Nike, Inc.*,
   2015 WL 993334 (C.D. Cal. Feb. 18, 2015)...........................................8

*Havensight Capital LLC v. Nike, Inc.*,
   2015 WL 993344 (C.D. Cal. Feb. 18, 2015)...........................................8

*Havensight Capital LLC v. Nike, Inc.*,
   891 F.3d 1167 (9th Cir. 2018) ...................................................9, 10, 35

*Havensight Capital LLC v. Nike, Inc.*,
   No. 2:14-CV-07153 (C.D. Cal.) ............................................................7

*Havensight Capital LLC v. Nike, Inc.*,
   No. CV 14-8985 (C.D. Cal.)...............................................................8, 9

*Havensight Capital LLC v. The People's Republic of China*,
   2015 WL 12778414 (C.D. Cal. Apr. 30, 2015) ...................................15

*Woodhouse v. Meta Platforms, Inc.*,
   No. 1:23-CV-01924 (D.D.C.) ........................................................22, 23

*Woodhouse v. Meta Platforms Inc.*,
   No. 23-5188, 2023 WL 7268255 (D.C. Cir. Oct. 30, 2023) ............23, 25

*Woodhouse v. U.S. Gov't*,
   2021 WL 6333468 (C.D. Cal. Nov. 24, 2021) ..................................6, 17

*Woodhouse v. U.S. Gov't*,
   2:22-CV-00079 (C.D. Cal.)........................................................18, 19, 20

*Woodhouse v. U.S. Gov't*,
   2023 WL 3600024 (9th Cir. May 23, 2023).........................................20

*Woodhouse v. U.S. Gov't*,
   2023 WL 3600025 (9th Cir. May 23, 2023).........................................22

*Woodhouse v. U.S. Gov't,*
    2023 WL 3600032 (9th Cir. May 23, 2023)......................................6, 18

*Woodhouse v. U.S. Gov't,*
    No. 2:21-CV-06372 (C.D. Cal.) ...........................................16, 17, 18, 21

*Woodhouse v. U.S. Gov't,*
    No. 2:22-CV-00285 (C.D. Cal.) ................................................20, 21, 22

**RULES**

Fed. R. App. P. 30(a)......................................................................37

Fed. R. Civ. P. 55..........................................................................35

# INTRODUCTION

Plaintiff-Appellant Benjamin Woodhouse appeals from the district court's order dismissing as patently frivolous his pro se complaint against Nike, Inc., Meta Platforms, Inc., Alphabet, Inc., Gibson, Dunn & Crutcher LLP, seven federal court judges, the Clerk of the Ninth Circuit, the California Attorney General, and two attorneys in the U.S. Attorney's Office for the Central District of California. The complaint asserts claims for "genocide" and "war crimes," violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other supposed wrongs, including allegations that the defendants conspired to operate a "genocide hotel" in Pismo Beach, California, engaged in "targeted killing" of "Officers of the Court," "paid for military contractors and Japanese American terrorists" to invade Woodhouse's property, and subjected him to an "estimated 400 to 500 assassination attempts." AA179–82. The complaint is just the latest of over a dozen patently frivolous actions by Woodhouse against an expanding roster of defendants, including federal judges who either dismissed his prior cases or affirmed those dismissals.

The district court dismissed the complaint *sua sponte*, finding that the "fantastic[al] and delusional" nature of Woodhouse's claims—

particularly given his long history of frivolous litigation—warranted immediate dismissal. Supplemental Appendix ("SA") 23, 25–32, 34. This Court should affirm, as the court's dismissal order is a straightforward application of the "well-established" authority of district courts in this Circuit to dismiss *sua sponte* a complaint that "lacks a basis in law or fact," *Muka v. Murphy*, 358 F. App'x 239, 241 (2d Cir. 2009)—a measure that is necessary to prevent abuses of the judicial system and preserve court and party resources, *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

Two other rulings by the district court are unchallenged on this appeal but also correct. First, the court denied Woodhouse leave to amend his complaint, finding that "no amended complaint with regard to Woodhouse's claims would state a claim on which relief may be granted." AA16–17. Second, the court declared Woodhouse a vexatious litigant and enjoined him from filing new actions without court approval and compliance with certain conditions, including a bond. SA143. The court applied this prohibition to new filings in any federal district court, noting that prior orders in Woodhouse's earlier cases imposing district-specific

restrictions had failed to prevent him from going outside the issuing district to file otherwise-barred actions elsewhere. SA172–73.

Under this Court's precedents, Woodhouse waived any challenge to these rulings by neglecting to address them in his opening brief. *See Anilao v. Spota*, 27 F.4th 855, 873 (2d Cir. 2022). And in any event, both rulings were correct. Courts need not permit a futile amendment that would not survive a motion to dismiss. *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Woodhouse offered nothing that, if added to a new pleading, would state a viable claim. On the contrary, his post-dismissal filings offered the same delusional theories that led to the initial dismissal. SA212–14.

The vexatious litigant designation and pre-filing order also were correct. District courts have a "constitutional obligation," *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984), to protect against "the threat of onerous, multiplicitous, and baseless litigation," *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985), and to ensure "the sound and orderly administration of justice" throughout the judicial system, *Martin-Trigona*, 737 F.2d at 1262. The district court's pre-filing order—including its nationwide scope—was necessary to put a stop to

Woodhouse's campaign of frivolous and repetitive filings. As the district court noted, multiple Central District of California judges had already restricted Woodhouse's ability to file new cases in that District and imposed other deterrent measures such as sanctions, but those orders proved ineffective: After Woodhouse's most recent California complaints were dismissed for noncompliance with those district-specific pre-filing orders, he moved on to other districts—namely the District of Columbia and the Southern District of New York. SA172. The district court was fully justified in limiting new filings in any federal district, as otherwise Woodhouse would just direct his abusive filing practices to districts where no pre-filing order was in place. SA173.

This Court should affirm the district court in all respects.

## STATEMENT OF JURISDICTION

Woodhouse invoked the district court's jurisdiction under 28 U.S.C. § 1331 and asserted a claim under RICO, 18 U.S.C. §§ 1961 *et seq*. *See* AA218. This Court has appellate jurisdiction under 28 U.S.C. § 1291 to review the district court's rulings.

## COUNTERSTATEMENT OF ISSUES

Did the district court properly dismiss Woodhouse's claims as frivolous when it concluded that his allegations about Defendants were delusional and lacked any basis in law or fact?

## COUNTERSTATEMENT OF THE CASE

Woodhouse is licensed as an attorney in California and owns a company called Havensight Capital LLC. As the district court noted, his history of "previous federal litigation—including with respect to his representation of his business, Havensight—" is "relevant to this action." AA7.

As detailed below, Woodhouse has filed over a dozen lawsuits in federal courts, both on his own behalf and as counsel for Havensight, against some or all of the defendants in the present action, including Nike, Inc., Meta Platforms, Inc., and their counsel, Gibson Dunn & Crutcher, LLP, which are Defendants-Appellees in this appeal. Every case in this litany of actions—initially centered in the Central District of California before Woodhouse expanded to the District of Columbia and the Southern District of New York—has been dismissed, and each prior dismissal was affirmed on appeal.

- 5 -

In addition, multiple judges of the Central District of California declared Woodhouse and Havensight vexatious litigants and barred them from filing further actions in that District without complying with pre-filing conditions, including prior judicial approval and a bond. *E.g.*, *Woodhouse v. U.S. Gov't*, 2021 WL 6333468, at \*8 (C.D. Cal. Nov. 24, 2021), *aff'd*, 2023 WL 3600032 (9th Cir. May 23, 2023). The courts in these cases also imposed sanctions, held Woodhouse and Havensight in contempt, ordered them to pay hundreds of thousands of dollars in attorneys' fees, and referred Woodhouse to the California State Bar. AA8–13.

None of these measures had the intended deterrent effect. Not only did Woodhouse not pay the sanctions and attorneys' fees that the courts ordered, but he continued to file new actions in the Central District of California without complying with the pre-filing conditions—at the same time adding as new defendants the federal judges who ruled against him previously, the United States, and an assortment of other private and public parties. All of these actions were dismissed, including for failure to comply with the court's pre-filing conditions orders. *E.g.*, *Woodhouse v. U.S. Gov't*, 2023 WL 3600032 (9th Cir. May 23, 2023); *Woodhouse v.*

- 6 -

*U.S. Gov't*, 2023 WL 3600025, at *1 (9th Cir. May 23, 2023); *Woodhouse v. U.S. Gov't*, 2023 WL 3600024, at *1 (9th Cir. May 23, 2023). Still undeterred, Woodhouse expanded his pattern of frivolous filings to new federal districts, including the court below, to avoid the district-specific bars. SA172.

The district court's rulings fully describe Woodhouse's litigation history, a summary of which is set out below for the Court's convenience.

## I. Prior Proceedings Involving Nike

Plaintiff's frivolous litigation against Nike began in 2014 when Havensight, represented by Woodhouse, sued Nike in the Central District of California, alleging that its "Nike F.C." brand logo infringed a logo for a Havensight-owned soccer brand "St. Thomas F.C." *Havensight LLC v. Nike, Inc.*, No. 2:14-CV-07153 (C.D. Cal.) ("*Nike I*"). The case was assigned to Judge Manuel Real, who dismissed the complaint with prejudice for failure to state a claim. *Havensight LLC v. Nike, Inc.*, 2014 WL 12613382, at *4 (C.D. Cal. Nov. 19, 2014). The court recounted a series of frivolous requests and other actions by Woodhouse that, in its view, prolonged the proceedings in the case, harassed Nike, and burdened the court—including serial requests for default after Nike had

timely moved to dismiss, a writ of execution falsely claiming a judgment of almost $250 million in favor of Havensight, and a series of "post-dismissal motions, applications, and requests for default judgment." *Havensight Capital LLC v. Facebook, Inc.*, 2018 WL 6340757, at *5 (C.D. Cal. Sept. 24, 2018). These requests were all stricken or denied. *Id*.

The day after *Nike I* was dismissed, Woodhouse, representing Havensight, filed *Nike II* in the Central District of California, alleging antitrust violations and tortious interference in the sale of soccer gear. *Havensight LLC v. Nike, Inc.*, No. CV 14-8985 (C.D. Cal.) ("*Nike II*")

In both *Nike I* and *Nike II*, Havensight moved to disqualify Judge Real and for reconsideration, and these motions were assigned to Judge Otis D. Wright II. Judge Wright denied the disqualification motions, only to have Havensight, through Woodhouse, again seek reconsideration. The court denied those motions as well, directed Woodhouse to pay $1,000 in sanctions under Rule 11 and 28 U.S.C. § 1927, and referred him to the California State Bar.

Judge Real then dismissed *Nike II* with prejudice. *Havensight, LLC v. Nike, Inc.*, 2015 WL 993334, at *5 (C.D. Cal. Feb. 18, 2015). The court also issued (1) a Rule 11 order sanctioning Woodhouse for false

representations and ordering him to pay Nike $82,729 in attorneys' fees and costs, *Havensight LLC v. Nike, Inc.*, 2015 WL 993344, at *3 (C.D. Cal. Feb. 18, 2015), and (2) an order declaring Havensight a vexatious litigant and barring it from filing any new action in the Central District of California "that arises from or relates to Havensight Capital LLC and its brand 'St Thomas F.C.' against Nike Inc.," *Havensight v. Nike, Inc*, 2015 WL 3544111, at *6 (C.D. Cal. Apr. 22, 2015). In the latter order, the court noted that Havensight had "filed baseless motion after baseless motion," including a "total of twelve motions for default judgment, seven motions to re-open the case or vacate the Court's orders, and five motions for judicial reassignment." *Id*. at 4. The court concluded that the "frivolous and harassing nature of Plaintiff's actions" warranted an order imposing pre-filing conditions. *Id*. at *2–*6.

Neither Woodhouse nor Havensight appealed from the order limiting further Central District of California filings. *See Havensight LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). The Ninth Circuit held untimely Havensight's effort to appeal from the dismissal and affirmed the sanctions order. *Id.* at 1174. Describing the appeal as "the latest in an ongoing and bizarre dispute," the Ninth Circuit noted that,

"[t]hroughout these proceedings, Havensight has portrayed its action as a battle between David and Goliath," but "[i]n reality, … it is more akin to Don Quixote's tilting at windmills." *Id*. at 1169. The court found the sanctions warranted, given Havensight's pattern of filing "numerous and voluminous motions despite specific warnings to desist filing these needless pleadings." *Id*. at 1174.

## II. Prior Proceedings Against Facebook

Plaintiff engaged in a similarly quixotic campaign against Facebook, now known as Meta. In May 2015, Havensight filed a complaint against Facebook in the Central District of California, seeking hundreds of millions of dollars for alleged overcharges on seven "pay-per-click" Facebook ads, supported by a rambling and incoherent series of factual and legal assertions. The case was assigned to Judge Fernando M. Olguin, who dismissed the case for lack of jurisdiction because the parties were not diverse. *Havensight, LLC v. Facebook Inc.*, 2015 WL 3948380, at *7 (C.D. Cal. June 29, 2015) ("*Facebook I*").

During that short-lived action, Havensight made multiple filings that the district court found to lack any "reasonable basis," *Facebook I*, 2015 WL 3948380 at *3 n.4, leading the court to warn that, had the case

- 10 -

not been dismissed, it would have issued an order to show cause why Havensight should not be declared a vexatious litigant, *id.* at *1 n.2. These filings included "ten applications, responses, requests, or statements seeking default judgment against Facebook" in a single week, based on meritless assertions of fraud and claimed procedural violations. *Id.*; *see also Havensight, LLC v. Facebook Inc.*, 2015 WL 12766168, at *2 (C.D. Cal. July 21, 2015). Even after dismissal, Woodhouse filed multiple motions and applications on Havensight's behalf, including an unsuccessful motion for reassignment to another judge. *Havensight, LLC v. Facebook Inc.*, No. 2:15-CV-03758 (C.D. Cal.), Dkt. 49, 53, 56.

Woodhouse then filed a nearly identical complaint on Havensight's behalf against Facebook in California state court ("*Facebook II*"). In March 2016, that court sustained Facebook's demurrer with leave to amend, explaining that Havensight had not stated any viable causes of action. *Havensight LLC v. Facebook, Inc.*, 2016 WL 4445919, at *1–2 (Cal. Super. Jan. 1, 2016), *adopted by* 2016 WL 4410524, at *1 (Cal. Super. Mar. 30, 2016). After Woodhouse amended the complaint, Facebook again demurred, and the court sustained the demurrer without

leave to amend and dismissed the action. *Havensight, LLC v. Facebook, Inc.*, 2016 WL 4410551, at *2 (Cal. Super. June 16, 2016).

The California Court of Appeal affirmed. *Havensight, LLC v. Facebook*, 2017 WL 1507491, at *3 (Cal. Ct. App. Apr. 27, 2017), *reh'g denied* (May 19, 2017), *review denied* (July 12, 2017). As the court noted, Havensight's appellate briefing "failed to provide any comprehensible argument." *Id.* at *3. Havensight made a "series of collateral attacks on the trial court's order," but its "poorly briefed" effort had nothing to do with the demurrer ruling, "the only ruling at issue in this appeal." *Id.* at *2. The California Supreme Court denied review.

Just after the California Supreme Court's ruling, Havensight filed a third action against Facebook—this time back in the Central District of California ("*Facebook III*"), where the case was assigned to Judge Olguin. The complaint advanced the same set of rambling and nonsensical factual and legal assertions as before, only this time it added a RICO claim. *Havensight*, 2018 WL 6340757, at *1. On Facebook's motions, *id.* at *1–4, the district court (1) dismissed the complaint as barred by the res judicata effect of the state court judgment in *Facebook II*, *id.* at *12; (2) sanctioned Woodhouse under Rule 11(b) for advancing

claims that were "not warranted by existing law" and had "no evidentiary support or basis in fact," *id.* at *14; and (3) declared Havensight a vexatious litigant and prohibited it from filing similar claims against Facebook in the Central District without court approval and a $5,000 bond, *id.* at *20. The court noted that Havensight had "abused the process of this court," "wasted the resources of the parties and the court" through a pattern of "serially fil[ing] frivolous papers," including a complaint advancing "false" contentions, and "exhausted the limited resources of the courts and imposed unnecessary costs on other parties." *Id.* at *17–19.

Woodhouse, on Havensight's behalf, moved for reconsideration and to disqualify Judge Olguin. The latter motion was assigned to a different Central District judge, who denied the motion. *Havensight LLC v. Facebook, Inc.*, 2018 WL 6356080, at *2 (C.D. Cal. Oct. 2, 2018). The court explained that Havensight's argument for disqualification had "no basis" and was "unfounded." *Id.*

Havensight appealed from the dismissal to the Ninth Circuit, which affirmed the district court's ruling that the action was barred by the state-court judgment. *Havensight Capital LLC v. Facebook, Inc.*, 776 F.

App'x 420, 421 (9th Cir. 2019). The Ninth Circuit noted that Havensight's filings in the district court were "frivolous," and rejected as "unpersuasive" its arguments that "Facebook's counsel has alleged conflicts of interest." *Id.*

### III. Proceedings Against Google/Alphabet

Woodhouse also pursued prior litigation in the Central District of California against Google Inc., now known as Alphabet Inc.—also a defendant here. After the district court dismissed Havensight's *Facebook I* complaint, Woodhouse filed a similar complaint against Google, and the case was assigned to Judge Philip S. Gutierrez. *Havensight LLC v. Google, Inc.*, No. 2:15-CV-05297 (C.D. Cal.), Dkt. 1. As in *Facebook I*, the district court dismissed the complaint for lack of subject matter jurisdiction. *Id.*, Dkt. 31. The court also denied Woodhouse's ex parte application to reopen the case, disqualify Judge Gutierrez, and enter a default against Google, noting that "[t]he Court now provides a second and last warning to Plaintiff and its counsel that misuse of ex parte applications will be sanctioned." *Id.*, Dkt. 35.

## IV.  Proceedings Against People's Republic of China

In 2015, Woodhouse and Havensight filed yet another lawsuit in the Central District of California, this time against the People's Republic of China, and the case was assigned to Judge Dean D. Pregerson.  The complaint alleged that China interfered with Havensight's relationship with a shoe supplier and was wire-tapping Plaintiff.  *Havensight LLC v. The People's Republic of China*, No. 15-CV-01206 (C.D. Cal.), Dkt. 1.  It also alleged extortion, including what the district court called a "bizarre allegation, unsupported by any factual specifics, that Defendant 'fund[ed] ... sexual torture of the Plaintiff's manager,' possibly by shoe company Nike."  2015 WL 12778414, at *3 (C.D. Cal. Apr. 30, 2015).  The court dismissed the complaint with prejudice, concluding that Havensight offered no basis for either venue in the Central District or subject-matter jurisdiction, given that the Chinese government is immune from suit in United States courts.  *Id.*  In *Facebook III*, the district court cited this action against China as part of Plaintiff's pattern of vexatious litigation.  *See Havensight*, 2018 WL 6340757, at *8.

## V. Complaints in the Central District of California Naming the United States, Federal Judges, and Government Officials

In August 2021, Woodhouse launched his next series of vexatious actions in the Central District of California—this time broadening his conspiracy theories and expanding his target to include the United States government, multiple federal judges who had dismissed his cases or affirmed those dismissals, and others. These actions occupied the time and attention of a new set of federal judges, and yielded a new set of with-prejudice dismissals, sanctions orders, vexatious litigant designations, and district-specific pre-filing conditions.

Woodhouse's August 2021 complaint asserted many of the same previously rejected theories against Nike, Facebook, and Google, and added as new defendants (1) Gibson Dunn, which represented Nike and Facebook in the prior cases, (2) three Central District of California judges—Judge Real, Judge Olguin, and Judge Gutierrez—who had dismissed some of Woodhouse's prior cases, (3) four Ninth Circuit judges—Judge Jaqueline Nguyen (a member of the *Nike II* panel), Judges Richard A. Paez and Andrew D. Hurwitz (members of the *Facebook III* panel), and then-Chief Judge Sidney R. Thomas, (4) the Chief Justice of the United States, and (5) the United States government. The complaint

- 16 -

asserted an expanded and bizarre set of conspiracy theories, claiming that the government burned Woodhouse from the sky with "flash" weapons, that a fighter jet tried to kill him on a beach in Australia, and that the various judges had accepted bribes to rule against him. *Woodhouse v. U.S. Gov't,* No. 2:21-CV-06372 (C.D. Cal.), Dkt. 1. The case was assigned to Judge Stanley J. Blumenfeld.

On motions by Defendants Nike, Facebook, and Gibson Dunn, the district court (1) dismissed the complaint for failure to comply with the pre-filing conditions imposed by *Nike II* and *Facebook III*, *Woodhouse v. U.S. Gov't*, 2021 WL 6333468, at *1–2 (C.D. Cal. Nov. 24, 2021);[*] (2) held Woodhouse in civil contempt for failing to comply with the prior orders or pay the court-ordered sanctions, and (3) ordered Woodhouse to pay Defendants' attorneys' fees and costs, *id.* at *6–8. Noting that Woodhouse's "history of frivolous filings as counsel for Havensight is well established and extensively recorded," including the "same issues and claims that have been before multiple judges in this district over the past six years," *id.* at *2, the court issued an expanded order barring him from

---

[*] The district court held that the pre-filing orders against Havensight applied to Woodhouse, as the two were alter egos of, and in privity with, each other. *Woodhouse*, 2021 WL 6333468, at *4–5.

further filings in the Central District absent court approval, a bond, and other conditions. *Id. at* \*8.

As before, Woodhouse made multiple post-dismissal filings in the district court, including seven requests for default, eight summons requests, and several "requests for judicial notice." *Woodhouse v. U.S. Gov't*, No. 2:21-CV-06372 (C.D. Cal.), Dkt. 72 at 3–4. The district court rejected these additional filings as "frivolous." *Id.* at 3.

The Ninth Circuit affirmed, holding that "[t]he district court did not abuse its discretion by dismissing Woodhouse's action because his complaint was within the scope of the district court's prefiling vexatious litigant orders and Woodhouse failed to comply with the prefiling requirements." *Woodhouse v. U.S. Gov't*, 2023 WL 3600032, at \*1 (9th Cir. May 23, 2023).

While the Ninth Circuit appeal was pending, Woodhouse and Havensight filed yet another complaint in the Central District of California—again without complying with the orders imposing pre-filing conditions or paying any of the ordered sanctions. *Woodhouse v. U.S. Gov't*, 2:22-CV-00079 (C.D. Cal.). The complaint asserted conspiracy and judicial-corruption claims similar to those alleged earlier, and again

named federal district court judges who had ruled against Havensight and Woodhouse—this time adding Judge Blumenfeld (from the first judicial-conspiracy case) and Judge Wright (from *Nike II*). *Id.*, Dkt. 10. It also named as defendants four attorneys with the U.S. Attorney's Office for the Central District who represented the government defendants in the prior judicial-conspiracy action. This case was assigned to Judge R. Gary Klausner.

On Defendants' motion, the district court dismissed the case for failure to comply with the orders imposing pre-filing conditions. *Woodhouse v. U.S. Gov't*, 2:22-CV-00079 (C.D. Cal.), Dkt. 64. The court recounted the long history of vexatious litigation by Woodhouse and Havensight and held that by suing again without permission or a bond, they had violated those orders, including the most recent order entered by Judge Blumenfeld. *Id.* at 2–4.

Woodhouse and Havensight again made a series of meritless post-dismissal filings, including five new amended complaints—all of which were stricken as procedurally improper because they were filed without leave of court. *E.g.*, *Woodhouse v. U.S. Gov't*, No. 2:22-CV-00079 (C.D. Cal.), Dkt. 37. They also moved to disqualify Judge Klausner on the

ground that one of the stricken pleadings purported to name him as a defendant. *Id.*, Dkt. 33. Judge Klausner denied the motion, noting that the stricken pleading was ineffective and thus provided no basis for disqualification. *Id*, Dkt. 38.

The district court entered an order referring Woodhouse to the California State Bar and the Central District's Standing Committee on Discipline. *Woodhouse v. U.S. Gov't*, No. 2:22-CV-00079 (C.D. Cal. June 20, 2022), Dkt. 93. It also sanctioned Woodhouse and Havensight for "litter[ing] the docket of this action with multiple filings against the now-dismissed defendants, despite the Court's express admonishment to cease doing so," and ordered them to pay Defendants' attorneys' fees and costs in the amount of $38,422. *Id.* at 5–6; Dkt. 105. The Ninth Circuit again affirmed. *Woodhouse v. U.S. Gov't*, 2023 WL 3600024, at *1 (9th Cir. May 23, 2023).

In January 2022, Woodhouse filed yet another complaint in the Central District, still without complying with any of the pre-filing conditions or sanctions orders. *Woodhouse v. U.S. Gov't*, No. 2:22-CV-00285 (C.D. Cal.). He again alleged obstruction, fraud, and conspiracy, and named as defendants Nike, Meta, Gibson Dunn, the United States,

and the same set of federal judges as in the last judicial-conspiracy case, except this time—predictably—adding Judge Klausner, as well as three of the four U.S. government attorneys named previously. *Id.*, Dkt. 21. This case was assigned to Judge Christina A. Snyder.

Judge Snyder referred the complaint to Judge Blumenfeld "for the limited purpose of determining whether it falls within the constraints of Judge Blumenfeld's November 24, 2021 vexatious litigant order." *Woodhouse v. U.S. Gov't*, No. 2:22-CV-00285 (C.D. Cal. Jan. 27, 2022), Dkt. 20 at 2. Judge Blumenfeld held that Plaintiff's claims against Nike, Meta, and Gibson Dunn fell "within the scope of the Court's vexatious litigant order." *Woodhouse v. U.S. Gov't*, No. 2:21-CV-06372 (C.D. Cal.), Dkt. 81 at 4. He also revoked Plaintiff's electronic filing privileges in accordance with that order. *Id.*, Dkt. 80.

Judge Snyder then struck Woodhouse's claims against Nike, Meta, and Gibson Dunn based on Judge Blumenfeld's decision. *Woodhouse v. U.S. Gov't*, No. 2:22-CV-00285 (C.D. Cal. Mar. 2, 2022), Dkt. 52 at 2. She also dismissed on judicial and governmental immunity grounds the claims against the federal judges and U.S. government officials. *Id.* at 4.

Woodhouse responded with a stream of filings, including (1) two requests to reinstate his electronic filing privileges, both denied as procedurally improper, *Woodhouse v. U.S. Gov't*, No. 2:22-CV-00285 (C.D. Cal.), Dkts. 53, 54, 67; and (2) two purported amended complaints, the second of which reasserted claims against Defendants despite the court's order striking those claims. *Id.*, Dkts. 21, 80. The court again struck these claims and dismissed the case with prejudice. *Id.*, Dkt. 95 at 10. The Ninth Circuit affirmed all these orders. *Woodhouse v. U.S. Gov't*, 2023 WL 3600025, at *1 (9th Cir. May 23, 2023).

## VI.  Proceedings in the District of Columbia

After the Ninth Circuit's last ruling, Woodhouse shifted his focus beyond California. In July 2023, he filed a *pro se* complaint in the District of Columbia, naming many of the same defendants as are named in this case: (1) Meta, Nike, and Gibson Dunn; (2) Judges Blumenfeld, Klausner, and Snyder, the three Central District judges who dismissed his most recent filings case there; (3) Ninth Circuit Judges Mark J. Bennett, Eric D. Miller, and Lawrence VanDyke, who comprised the panel that affirmed those dismissals; (4) California Attorney General Rob Bonta; (5) two of the U.S. government attorneys named previously; and (6) the

Ninth Circuit's Clerk of Court. *Woodhouse v. Meta Platforms, Inc.*, No. 1:23-CV-01924 (D.D.C.), Dkt. 1. The complaint mirrored the prior ones, including assertions that various combinations of defendants murdered and then impersonated Defendants' counsel and operated a "genocide hotel" across from Woodhouse's home. *Id.* at 1–9.

The district court dismissed the complaint *sua sponte*. *Woodhouse v. Meta Platforms, Inc.*, No. 1:23-CV-01924 (D.D.C. July 13, 2023), Dkt. 2. It noted that, under settled law, federal courts may not entertain claims that are "absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Id.* at 1. As the court explained, allegations that rest on "bizarre conspiracy theories" or "supernatural intervention" don't present a "federal question suitable for decision." *Id.* The district court concluded that this was such a complaint, based in part on its claims that the defendants operated a "genocide hotel" in Pismo Beach, California and held "impromptu death trials" resulting in the murder of over 3,000 victims; that "a full entourage of commandoes" tried to breach Woodhouse's private property but then "inadvertently incinerated themselves with napalm"; and that the defendants "imprison[ed] the

Chinese Ambassador to the U.S.' in order the 'stem shoe sales to China, and leverage their coercive behavior against [Woodhouse]." *Id.* at 1–2.

The D.C. Circuit affirmed, holding that "[t]he district court correctly concluded that [Woodhouse's] complaint, which lacked an arguable basis either in law or in fact, was frivolous." *Woodhouse v. Meta Platforms Inc.*, No. 23-5188, 2023 WL 7268255, at *1 (D.C. Cir. Oct. 30, 2023).

## VII. Woodhouse's Complaint in this Case

On August 9, 2023, a month after the district court's dismissal in District of Columbia case, Woodhouse brought this case in the Southern District of New York. AA154–220. He named as defendants the same litany of parties as in the District of Columbia action—specifically, Nike, Meta, Gibson Dunn, and Alphabet, the same Ninth Circuit and Central District of California judges who ruled on his cases previously, California Attorney General Bonta, the same two U.S. government attorneys, and the Ninth Circuit's Clerk of Court.

As the district court noted, Woodhouse's allegations and claims here "appear to mirror, or are similar to, the ones asserted in his previous

action in the District Court for the District of Columbia." AA15. These include Woodhouse's assertions that the defendants:

- "'held impromptu death [trials], in a hotel, occupied by U.S. Attorneys, routinely killing multiple victims in single evenings, after asking them, either, two, to, three, questions for a period of months, on an every single day basis [*sic*]'";

- subjected him to "'over three hundred assassination attempts from contractors hired by the conflicted Parties, including contractors using military grade weapons, military infrastructure, and breaching for non traditional roads to assassinate' him";

- "'took positions in a hotel in Pismo Beach, California, what has now come to be known as "the genocide hotel," and engaged in this patent schemata of bribery and collusion, even after the acts of genocide and death trials … with ball machine guns[]'";

- funded the "'genocide schemata'" whereby "'one supermodel was dragged to her death after being tied to a truck ….'"

AA15 (alterations the district court's).

The district court dismissed the complaint *sua sponte*. AA4–18. It noted that Woodhouse's allegations "are fantastic and delusional,"

including his allegations that the defendants engaged in "conspiratorial and corrupt behavior" and attempted "to assassinate Woodhouse." AA16. The court also deemed Woodhouse's complaint "an attempt to have this Court rebuke and overturn the findings and rulings of the Central District of California and the Ninth Circuit with regard to Woodhouse's and Havensight's previous litigation in those courts." *Id.* The court found Woodhouse's claims "frivolous," with no "arguable basis either in law or in fact." *Id.* And although the district court noted the "special solicitude" afforded a pro se litigant, it followed this Court's rule that such solicitude does not apply where, as here, the litigant is a "lawyer representing himself." AA6 (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010)); *see also* AA16 (applying this rule to Woodhouse). And even if Woodhouse's complaint were treated as a true pro se pleading, the court concluded, "[n]o degree of solicitude" could conceal the "indisputably meritless" nature of his legal theories or his "clearly baseless" factual contentions. AA16.

The district court next denied as "futile" Woodhouse's motion for leave to amend, noting that "no amended complaint with regard to Woodhouse's claims" would state a valid claim. AA16–17.

Finally, the court ordered Woodhouse to show cause "why the Court should not bar [Woodhouse], Havensight, and any other entity that Woodhouse owns or controls from filing any future civil action in this court against any of the defendants named in this action without first obtaining the court's leave to file." AA17.

Nike, Meta, and Gibson Dunn then moved for an order declaring Woodhouse a vexatious litigant and barring him and affiliated entities from filing further actions against them in any federal district court absent court approval and compliance with other conditions. *See* AA124–25; SA39–62. Alphabet joined the motion. SA111–14.

The district court granted the motion. The court took judicial notice of "Woodhouse's long litigation history in federal court," spanning nearly a decade. SA144. The court noted that Woodhouse's allegations "have been strikingly repetitive" even after he had "been sanctioned five times" and "been the subject of four vexatious litigant orders." SA162–63. And other measures by prior courts—like sanctioning Woodhouse and referring him to the California State Bar—"did not deter Woodhouse from bringing new baseless lawsuits against the defendants and others, including in the districts that had sanctioned him." SA166. The court

- 27 -

concluded that this "documented history of filing harassing and duplicative lawsuits … supplies the necessary factual predicate for a filing injunction identifying [Woodhouse] as a vexatious litigant and restricting his future access to court." SA161.

The district court then considered the appropriate scope of its order. Following this Court's guidance that, "before imposing a nationwide injunction," a district court "must find not only that … a filing injunction [is warranted], but also that nationwide relief 'is necessary and proper,'" the court found that "Woodhouse's history of litigation misconduct easily merits imposition of a nationwide filing injunction" because "[d]istrict-specific injunctions have proven manifestly unequal to the task of curbing Woodhouse's impulse towards vexatious litigation." SA171–72. "A nationwide injunction that protects these defendants from frivolous suits by Woodhouse in *all* federal district courts is thus warranted and necessary to 'address[] the new judicial avenues being used by [Woodhouse] to perpetuate his vexatious litigation.'" SA172 (quoting *Sassower v. Abrams*, 833 F. Supp. 253, 270 (S.D.N.Y. 1993); alterations the court's).

The district court enjoined "Woodhouse, [Havensight] … and any other company that Woodhouse owns or controls … from filing in federal court any action" against Nike, Meta, Gibson Dunn, Alphabet that relates to the allegations made in this lawsuit or the other vexatious lawsuits brought by Woodhouse … without satisfying" the court's pre-filing conditions.  SA175.  Those conditions required Woodhouse to post a $5,000 bond and "move for permission from [the district court] or—in the event of a filing contemplated in a different District—[the permission of] a Federal District Court in that District."  SA176.

As in his other cases, Woodhouse filed post-dismissal motions for reconsideration, for disqualification, and to reopen the case.  SA179–204; SA206–34; SA236–82; SA284–357.  Each such motion was denied, SA205; SA235; SA283; SA358, and this appeal followed.

## SUMMARY OF ARGUMENT

I.    District courts may dismiss a complaint *sua sponte* when a plaintiff's claims are clearly frivolous.  The district court correctly concluded that Woodhouse's "fantastic and delusional" conspiracy-theory allegations meet this test.  AA16.  And, as the district court noted, many of Woodhouse's allegations asked the court to "overturn the findings and

rulings of the Central District of California and the Ninth Circuit with regard to Woodhouse's and Havensight's previous litigation in those courts"—relief that the court lacked the power to grant. *Id.* *Sua sponte* dismissal of the complaint was proper.

II.    Woodhouse has waived any further challenge to the district court's rulings by not raising such a challenge in his opening brief. And even if that were not the case, the court's other rulings were correct.

(A)    The district court was correct that granting Woodhouse leave to amend his complaint would be futile. Woodhouse offered no new facts that would state a cause of action, and his filings since the district court's dismissal only repeat the delusional conspiracy theories that warranted dismissal of the original complaint.

(B)    The court also was correct to impose conditions on any future related action by Woodhouse or his affiliated entities in any federal district court. The court's order on this issue was fully supported by its findings that (1) absent such an order, Woodhouse would continue to file similar frivolous actions; and (2) a nationwide order was necessary because district-specific orders and other

measures had not deterred Woodhouse from new actions in other districts.

## STANDARD OF REVIEW

This Court reviews de novo "a district court's *sua sponte* dismissal of a complaint for failure to state a claim." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

## ARGUMENT

## I.   The District Court Properly Dismissed Woodhouse's Claims as Frivolous

Federal courts can and should dismiss as "factually frivolous" an action that is "clearly baseless," including where the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Dismissal is appropriate where a complaint "is based on an indisputably meritless legal theory" and "lacks an arguable basis in law." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Prompt

dismissal of such obviously frivolous actions is necessary "to preserve scarce judicial resources." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). *Sua sponte* dismissal is appropriate when "it is unmistakably clear" that "the complaint lacks merit." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018); *see Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (affirming *sua sponte* dismissal of case alleging "government conspiracies").

In *Fitzgerald*, for example, this Court affirmed a *sua sponte* dismissal of a third frivolous action raising substantively identical claims. 221 F.3d at 363. The district court found that the plaintiff merely "repeat[ed] the allegations contained in his two prior federal actions"— including claims that the defendants "conspired to deny plaintiff his property rights and his due process rights" and "coerce him into accepting membership in an illegal apartment cooperative"—even though those claims had "already [been] dismissed as frivolous." *Id.* In affirming, Court confirmed the district court's power to dismiss an action *sua sponte* upon finding it "frivolous." *Id.* at 363–64.

The allegations in *Fitzgerald*, as insubstantial as they were, do not hold a candle to Woodhouse's claims of "impromptu death trials," a "genocide hotel, AA156, arrangements for a "ball machine gun" to be shot at Woodhouse, AA167, and judges targeting Woodhouse and his family with wrongs ranging from surveillance and harassment, AA183, to sex crimes, AA170. As the district court noted, these claims "mirror, or are similar to," those that the District of Columbia dismissed *sua sponte* as frivolous. AA15. Because Woodhouse's claims are patently frivolous and insubstantial, the court correctly dismissed the case *sua sponte*.

Woodhouse contends that "pre-mature dismissals" of complaints "are illegal" when they "contain, either, a Federal issue, or, Constitutional question." OB at 13–14. That is obviously incorrect: The mere invocation of the Constitution or a federal law does not immunize a frivolous complaint from dismissal at the pleading stage. Under this Court's well-settled precedent in cases like *Livingston* and *Fitzgerald*, a district court may dismiss a complaint as frivolous where its factual assertions are "the product of delusion or fantasy" or it asserts claims "based on an indisputably meritless legal theory," *Livingston*, 141 F.3d

at 437 (quoting *Neitzke*, 490 U.S. at 327)—precisely what the district court found to be the case here, AA16.

Nor does Woodhouse's pro se status cure these problems. As the district court correctly held, AA8, 16, the "special solicitude" for *pro se* litigants does not apply to a "lawyer representing himself," *Tracy*, 623 F.3d 90, 101–02 (2d Cir. 2010), and, in any event, "[n]o degree of solicitude" could conceal fundamentally baseless nature of his legal claims and factual contentions, AA16.

Woodhouse's apparent challenge to the *sua sponte* nature of the district court's ruling, OB 18, also lacks merit. This Court's settled precedent allows a district court to dismiss a complaint *sua sponte* when "it is unmistakably clear" that "the complaint lacks merit." *Catzin*, 899 F.3d at 82. This Court repeatedly affirms such dismissals where, as here, the complaint alleges fantastical and legally baseless conspiracy theories. *E.g.*, *Jean-Baptiste*, 2023 WL 7293777, at *1 (affirming *sua sponte* dismissal of complaint "alleging government conspiracies" against plaintiff); *Does 1-10 v. Suffolk Cnty., New York*, 2022 WL 2678876, at *2 (2d Cir. July 12, 2022) (*sua sponte* dismissal proper where complaint showed district court lacked jurisdiction); *MacKinnon v. City of New*

- 34 -

*York/Hum. Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (*sua sponte* dismissal proper where complaint asserted previously-rejected claims). As the district court found here, Woodhouse's claims were subject to *sua sponte* dismissal because they were patently frivolous and improperly asked that court to "rebuke and overturn" rulings by the Central District of California and the Ninth Circuit in the earlier cases. AA16.

Woodhouse's remaining arguments are also meritless. He asks that this Court "default the [p]arties" for "criminal acts, violations, and witnessed terrorist events." OB 20. This is an absurd request that this Court obviously cannot grant, as it is an appellate court tasked with reviewing district court rulings—and there is no basis for a default in any event, because the court properly dismissed the complaint as frivolous, AA16, so the defendants had no obligation to "plead or otherwise defend" against his claims. Fed. R. Civ. P. 55.

Beyond that, Woodhouse just tilts at windmills, insisting that this Court "must stand up to the Conflicted Trillionaires, who are attempting to bully, and in some instances terrorize, anything that challenges [them]." OB 28. But it is Woodhouse who has abused the legal system by repeatedly filing cases "for an improper purpose" and "without a legal

or factual basis," *Havensight LLC v. Nike, Inc.*, 891 F.3d at 1174, and by engaging in a relentless campaign of harassment—emailing and calling defense counsel hundreds of times during this litigation campaign, threatening "default" and demanding absurd settlement amounts (usually in the tens or hundreds of millions of dollars), SA59. As the district court recognized, AA15–16, Woodhouse's complaint reasserts the same delusional and bizarre assertions that were already dismissed as legally baseless. The district court's dismissal should be affirmed.

## II.   Woodhouse Waived Any Challenge to the District Court's Rulings on Leave to Amend and Pre-Filing Conditions and Those Rulings Were Correct in Any Event

Because Woodhouse's opening brief challenged only the district court's dismissal of his complaint, he waived any challenge to the district court's other rulings—including its denial of leave to amend, and its imposition of conditions on future federal court filings.

"Few principles are better established in [this] Circuit than the rule that arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court." *Anilao v. Spota*, 27 F.4th 855, 873 (2d Cir. 2022) (cleaned up). Indeed, merely "mentioning the relevant issue in an opening brief is not enough"; a party

must "advance an argument" in its opening brief to preserve an issue for appeal. *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009).

The only challenge advanced in Woodhouse's opening brief is to the district court dismissal of his complaint. He does not even mention the court's denial of leave to amend or its order imposing pre-filing conditions. And his as-filed appendix, which under the Federal Rules must contain "the judgment, order, or decision in question," includes only the district court's dismissal order, not the pre-filing injunction. Fed. R. App. P. 30(a); *see* AA4–20.

Woodhouse waived any challenge to the district court's rulings on leave to amend or future filings by failing to challenge those rulings in his opening brief. *See Cohen v. American Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (appellant "waived any challenge to the district court's [denial of leave to amend]" by failing to address the district court's denial); *Bank v. Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020) (appellant "waived any challenge to the merits of the district court's dismissal because his briefs ignore that point"). Accordingly, this Court may affirm the judgment in its entirety without addressing these points.

Even apart from Woodhouse's waiver, the court's other rulings on these separate issues were correct.

Courts need not grant leave to amend where doing so would be "futile" and the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). And there is no exception where the initial complaint is "unintelligible"—the court need not give the plaintiff an opportunity to amend just because the factual and legal theories are too confusing to be understood. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Driessen v. Royal Bank of Scotland*, 691 F. App'x 21, 23 (2d Cir. 2017) (denial of leave to amend proper where plaintiff's "claim [was] obviously frivolous" and no amendment would have "cured the complaint's deficiencies").

The district court correctly concluded that "no amended complaint with regard to Woodhouse's claims would state a claim on which relief may be granted." AA16–17. Woodhouse offered no new facts that might cause his claims to withstand dismissal, and his post-dismissal filings only confirmed the district court's futility assessment, as they continued to advance the same delusional claims of "genocide," "intimidation of a

- 38 -

witness," "assassination," and "terrorism" that led to the initial dismissal. SA212–14. His filings in this Court are likewise untethered from reality; his opening brief centers on that the defendants executed a federal judge who has, since Woodhouse filed this case, authored several Ninth Circuit decisions. *See, e.g.*, *Ehart v. Lahaina Divers, Inc.*, 92 F.4th 844 (9th Cir. 2024) (Bea, J.); *Snitko v. United States*, 90 F.4th 1250 (9th Cir. 2024) (Bea, J.). The district court correctly denied leave to file a futile amendment.

The district court also acted properly in issuing its order imposing pre-filing conditions on further filings in any federal court—and certainly the court did not abuse its discretion in doing so. *See Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019).

The district court's power to enjoin litigants like Woodhouse from further vexatious litigation "is beyond peradventure." *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 23 (2d Cir. 1986). A district court has a "constitutional obligation," *Martin-Trigona*, 737 F.2d at 1261, to protect against "the threat of onerous, multiplicitous, and baseless litigation," *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985). And because "[t]he district court is part of the federal judicial system," it must "protect and preserve the

sound and orderly administration of justice throughout that system." *Martin-Trigona*, 737 F.2d at 1262.

The district court properly considered the various factors required under this Court's precedent for pre-filing restrictions, see *Safir*, 792 F.2d at 24; SA160–66, and found that they "emphatically support the issuance of an injunction" limiting new actions by Woodhouse. SA166. In the last decade, "Woodhouse has initiated 12 lawsuits suing a total of 18 defendants across three federal districts," "has litigated before nine district judges, and seven appellate panels," "has been sanctioned five times[,] and has been the subject of four vexatious litigant orders." SA162–63. These frivolous suits have "forced [D]efendants to incur needless expenses," "burdened the courts tasked with adjudicating his claims," and even imposed costs on "parties to other pending cases" since courts' finite resources have been "diverted to dousing [Woodhouse's] vexatious lawsuits." SA165. Woodhouse's campaign has continued—and intensified—even though "courts have repeatedly sanctioned and fined Woodhouse and referred him to the California State Bar." SA166.

The district court properly tailored its pre-filing order to the needs of this case. The order requires Woodhouse, Havensight, and any other

company that Woodhouse owns or controls to seek court permission before filing a new federal action "that relates to the allegations made in this lawsuit or the other vexatious lawsuits brought by Woodhouse reviewed in the [district court's] Decision." SA175. Woodhouse and his companies are not barred from suing on unrelated claims, nor need they even show that they will succeed on the merits of a covered case; they need only show that their suit is not "frivolous, made in bad faith, [or] meant to harass defendants," and would not "needlessly cause unnecessary delay or expense." SA177. These balanced restrictions are "no broader than is necessary to protect the Court and would-be defendants from similar vexatious litigation in the future." *In re Neroni*, 639 F. App'x 9, 13 (2d Cir. 2015); *see Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 72 (2d Cir. 2016) (injunctions "will not be altered on appeal" if they are "no broader than necessary to cure the effects of the harm"). And they are in line with multiple orders affirmed by this Court. *Safir*, 792 F.2d at 25; *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 716 (2d Cir. 2019); *In re Neroni*, 2014 WL 11462833 (N.D.N.Y. Nov. 26, 2014), *aff'd*, 639 F. App'x 9 (2d Cir. 2015);

*Vasile v. Dean Witter Reynolds, Inc.*, 205 F.3d 1327 (table), 2000 WL 236473, at *2 (2d Cir. Feb. 14, 2000); *see* SA168–71 (citing cases).

The district court also properly extended the scope of its pre-filing injunction beyond the Southern District of New York. As part of its "obligation to protect and preserve the sound and orderly administration of justice throughout" the federal system, a district court "need not wait until a vexatious litigant inundates each federal district court with meritless actions" before it imposes restrictions. *Martin-Trigona*, 737 F.2d at 1262. After being shut down in the California federal courts, Woodhouse expanded his litigation campaign to the District of Columbia, and then to the Southern District of New York. AA13–14. As the district court noted, "[a] nationwide injunction that protects [Nike, Meta, and Gibson Dunn] from frivolous suits by Woodhouse in *all* federal district courts is … warranted and necessary to 'address[] the new judicial avenues being used by [Woodhouse] to perpetuate his vexatious litigation.'" SA172 (quoting *Sassower*, 833 F. Supp. at 270).

## CONCLUSION

The Court should affirm the judgment in its entirety.

Dated:  March 22, 2024        Respectfully submitted,

/s *Kristin A. Linsley*

KRISTIN A. LINSLEY (SBN 2264901)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
E-mail: klinsley@gibsondunn.com

*Counsel for Meta Platforms, Inc.,*
*Nike, Inc., and Gibson, Dunn &*
*Crutcher LLP*

## Certificate Of Compliance

1. This document complies with the type-volume limit of Local Rule 32.1(a)(4)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 8,113 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point New Century Schoolbook font.

Dated: March 22, 2024                    By: */s Kristin A. Linsley*
              Kristin A. Linsley

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Benjamin Woodhouse

**CERTIFICATE OF SERVICE***

v.

Docket Number: 23-7973

Meta Platforms, Inc.

I, Kristin A. Linsley , hereby certify under penalty of perjury that
(print name)

on March 22, 2024 , I served a copy of _____
(date)

Brief for Defendants-Appellees Meta Platforms, Inc., Nike, Inc. and Gibson, Dunn & Crutcher LLP
(list all documents)

by (select all applicable)**

___ Personal Delivery      X United States Mail      ___ Federal Express or other
                                                          Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| Benjamin Woodhouse | 2975 Bayview Drive | Pismo Beach | CA | 93449 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Benjamin H. Torrance | 86 Chambers Street | New York | NY | 10007 |
| Name | Address | City | State | Zip Code |
| Rob Bonta | 300 S. Spring Street | Los Angeles | CA | 90013 |
| Name | Address | City | State | Zip Code |
| Amy H. Candido | One Market Plaza, Spear Tower, Suite 3300 | San Francisco | CA | 94105 |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

3/22/2024
Today's Date

/s/ Kristin A. Linsley
Signature

Certificate of Service Form (Last Revised 12/2015)